IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIFFANI FINNELL,
Plaintiff,

v.

CASE NO.:

TOP 1% COACHING, LLC,
Florida Limited Liability Company,

Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TIFFANI FINNELL ("Finnell" or "Plaintiff"), by and through her undersigned attorney, sues Defendant, TOP 1% COACHING, LLC, (Top 1% or "Defendant") and states as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action against Defendant, her former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. Defendant is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not isolated activity within this judicial district.

4. Defendant is also subject to the personal jurisdiction of the United States District Court because it operates, conducts, engages in, and/or carries on business in the

Middle District of Florida. Specifically, Defendant's principal place of business is located at 8595 College Parkway, Ste. 350, Fort Myers, FL 33919.

## FLSA COVERAGE

5. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

6. At all times material, Defendant had a gross sales volume of at least $500,000 annually.

7. At all times material, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. Defendant Top 1% is an employer covered by the FLSA.

## VENUE

9. Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

   a. The unlawful pay practices alleged herein occurred in Fort Myers, Florida, in the Middle District of Florida;

   b. At all times material hereto, Defendant Top 1% was and continues to be a Florida Limited Liability Company registered with the Florida Department of Corporations, with a Florida Registered Agent and a license to do business within this judicial district.

   c. Defendant employed Plaintiff in the Middle District of Florida.

## PARTIES

10. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

11. Defendant Top 1% was, and continues to be, a Florida Limited Liability Company engaged in the transaction of business in Lee County, Florida, with its principal place of business located in Fort Myers, Florida.

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendant Top 1% was and continues to be an "employer" within the meaning of the FLSA.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

14. Plaintiff re-alleges Paragraphs 1 through 13 as if fully stated herein.

15. Defendant hired Plaintiff on January 5, 2015.

16. At all times material hereto, Defendant was a company that provides business and entrepreneurial consulting by offering its students coaching from successful businesspersons and entrepreneurs. Defendant's students pay tuition and fees in exchange for coaching services from Defendant's coaches.

17. Plaintiff was hired by Defendant to assist in scheduling and booking travel and venues for Defendant's coaches and events.

18. Plaintiff reported to Defendant's Events Director..

19. When scheduling and booking travel and venues, Plaintiff followed the

well-established techniques, procedures, and other specific standards set forth by her supervisor and Defendant.

20. Before Plaintiff could deviate from the well-established techniques, procedures, and other specific standards set forth by her supervisor and Defendant, she was required to first seek the approval and permission of her supervisor.

21. Defendant improperly treated Plaintiff as exempt and paid her on a salary basis without additional compensation for overtime.

22. Defendant misclassified Plaintiff because her duties do not meet the requirements of any applicable exemption.

23. Plaintiff's employment ceased on or about March 12, 2018.

24. Since Plaintiff's date of hire with Defendant, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

25. Plaintiff was entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

26. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

27. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendant's failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

28. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

29. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

30. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Declaring that Defendant has violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in amounts according to proof;

    c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: July 12, 2019

                                      Respectfully submitted,

                                      /s/ Jason L. Gunter
                                      Jason L. Gunter
                                      Fla. Bar No. 0134694
                                      Email: Jason@GunterFirm.com
                                      Conor P. Foley
                                      Fla. Bar No. 111977
                                      Email: Conor@GunterFirm.com
                                      Victor R. Bermudez
                                      Fla. Bar No. 1010344
                                      Email: Victor@GunterFirm.com

                                      **GUNTERFIRM**
                                      1514 Broadway, Suite 101
                                      Fort Myers, FL 33901
                                      Tel: 239.334.7017