UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIFFANI FINNELL,
Individually,

    Plaintiff,

v.                              Case No:  2:19-cv-485-FtM-29NPM

TOP 1% COACHING, LLC,
Florida Limited Liability
Company,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (Doc. #33) filed on July 27, 2020. Plaintiff's Response (Doc. #37) was filed on August 10, 2020, to which Defendant's Reply (Doc. #39) was filed on August 17, 2020. For the reasons set forth below, the motion is granted in part and denied in part.

Defendant seeks full or partial summary judgment in this Fair Labor Standards Act (FLSA) case on the grounds that plaintiff has failed to demonstrate that (1) she worked over 40 hours per week; (2) defendant knew or should have known she worked over 40 hours per week; and (3) her claim is timely under the statute of limitations. (Doc. #33, p. 1.) Plaintiff responds that sufficient evidence has been presented to defeat the first two grounds, but

she concedes part of the claim is barred as untimely. (Doc. #37, pp. 4-8.)

The parties agree that plaintiff must demonstrate that she worked in excess of 40 hours per week and that defendant knew or should have known that she worked in excess of 40 hours per week. (Doc. #37, pp. 5-8; Doc. #33, pp. 7-11.) Defendant asserts that the undisputed material facts establish that neither element of the cause of action has been established, while plaintiff asserts that she has presented sufficient facts to allow a jury to resolve the issues. (Id.)

Defendant argues plaintiff's conclusory allegations that she worked overtime, along with ambiguous performance evaluations that state Plaintiff worked from home "when need be" and "works most mornings from home before she comes in," are insufficient since they do not demonstrate plaintiff actually worked more than 40 hours per week, or also that the work was compensable. (Doc. #39, pp. 2-4.) Defendant asserts plaintiff's statement that she worked 55 hours per week is contradicted by her own testimony that her work hours included commute time and taking care of her newborn child. (Id., p. 4.) Moreover, defendant contends that it did not have actual or constructive knowledge of plaintiff's alleged overtime because, by plaintiff's own admission, she never communicated this fact to her supervisor or employer, and defendant

accommodated plaintiff's request to work from home and to have time to care for her child. (Id., pp. 5-6.)

Plaintiff responds that the testimonial and documentary evidence affirmatively show she worked overtime. For instance, plaintiff testified she maintained regular office hours from "8—8:30 a.m. until 5—5:30 p.m., Monday through Friday," and rarely took lunch breaks. (Doc. #37, p. 5.) In addition to her office hours, plaintiff worked from home in the mornings and evenings and would begin her workday at approximately 6:30 a.m. and work until 7:30 p.m. (Id.) Plaintiff also worked from home on the weekends. (Id.) She further argues that her testimony is corroborated by defendant's records in 2016 and 2017, which reveal plaintiffs' supervisor confirmed that her work schedule went beyond normal office hours, as well as emails that show the after-hours nature of her work. (Id., pp. 5-6; Doc. #38.) Finally, plaintiff argues that defendant had actual knowledge that she worked overtime because plaintiff communicated with her co-workers, management, and company executives after-hours in accomplishing her work. (Id., p. 7.) Likewise, plaintiff contends that defendants should have known she worked in excess of 40 hours per week because her job as an "event planner" required communication with venues in different time zones, as well as defendant's coaches who were traveling to these different international events. (Id., pp. 7-8.)

The Court finds that the facts presented by plaintiff are sufficient to allow a reasonable jury to make credibility findings which would establish plaintiff's claim. Accordingly, defendant has not established that the undisputed material facts entitle it to judgment as a matter of law as to the first two issues.

Plaintiff concedes that a portion of her claim is barred by the three-year statute of limitations, and she agrees not to seek overtime compensation for any week before July 12, 2016. (Doc. #37, p. 8.) Accordingly, defendant's request for summary judgment precluding unpaid overtime work from January 5, 2015 to July 14, 2016 as time-barred (Doc. #33, p. 11) is granted.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Summary Judgment Or in the Alternative, Partial Summary Judgment (Doc. #33) is **GRANTED** to the extent plaintiff is precluded for seeking unpaid overtime work from January 5, 2015 to July 14, 2016 as time-barred, and is otherwise **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this \_\_22nd\_\_ day of October, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record