```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

TIFFANI FINNELL,
Individually,

      Plaintiff,

v.                                    Case No:   2:19-cv-485-FtM-29NPM

TOP 1% COACHING, LLC,
Florida Limited Liability
Company,

      Defendant.

## OPINION AND ORDER

    This matter comes before the Court on plaintiff's Motion for Summary Judgment (Doc. #34) filed on July 27, 2020. Defendant's Response (Doc. #36) was filed on August 10, 2020, to which plaintiff filed a Reply (Doc. #43) on August 19, 2020. For the reasons set forth below, the motion is denied.

    Plaintiff seeks a summary judgment on defendant's affirmative defense that plaintiff was exempt from overtime under the administrative exemption of the Fair Labor Standards Act (FLSA). (Doc. #34, p. 1.) Additionally, plaintiff seeks summary judgment on defendant's breach of contract counterclaim. (Id.) Plaintiff argues that the undisputed material facts establish that the administrative exemption does not apply and that there was no breach of contract. (Id., pp. 11-15.) Defendant, on the other hand, asserts that there are sufficient facts to allow a jury to find

both that the administrative exemption applied and that plaintiff breached any one of three contract provisions. (Doc. #36, pp. 11-21.)

As to the administrative exemption, the Court agrees with defendant that the material facts are not undisputed, and that a reasonable jury could find that this administrative exemption affirmative defense was established. Therefore, plaintiff is not entitled to summary judgment as to the affirmative defense.

As to the breach of contract claim, the Court presumes for purposes of the motion only that Illinois law applies. The Court finds that the material facts are not undisputed as to whether plaintiff's Facebook post violated the Non-Disparagement Clause of the contract, and that a reasonable jury could find disparagement. Therefore, summary judgment as to his component of the breach of contract claim is denied.

There appears to be no direct proof as to a breach of the confidentiality and non-solicitation clause, but there is sufficient circumstantial evidence to defeat summary judgment as to this component of the breach of contract claim. The request for summary judgment as to the confidentiality clause is therefore denied.

Defendant asserts that plaintiff has failed to address the claimed breach of the Notification Clause of the contract, and is therefore not entitled to summary judgment on this portion of the

claim. (Doc. #36, pp. 20-21.) However, while the Counterclaim does mention the Notification Clause (Doc. #11, ¶7), it does not allege a breach of the Notification Clause (<u>Id.</u> ¶¶ 15-16.)  Therefore, there is no pending claim asserting breach of contract based upon the Notification Clause.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. #34) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this  22nd  day of October, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record